## JANES et al. v. BUSBY.

### No. 11962.

Court of Civil Appeals of Texas. Dallas.

April 18, 1936.

Vern D. Adamson, of Dallas, for plaintiffs in error.

W. Glenn Polk, of Dallas, for defendant in error.

JONES, Chief Justice.

Defendant in error, J. W. Busby, obtained judgment in a justice court against plaintiff in error Clarence W. Janes on open account for $134.64, and an appeal was prosecuted to the Dallas county court at law No. 1, where a similar judgment was obtained, and also a judgment on the appeal bond against the sureties thereon for the same amount.

The trial in the county court at law was to a jury and the judgment followed the verdict. No motion for a new trial was filed, and a number of errors assigned cannot be considered here, for the reason that the trial court's attention was not called to the alleged errors.

There is evidence in the record supporting the verdict of the jury and the judgment based thereon. However, judgment allows interest on an open account at the rate of 10 per cent. per annum from this date. This is fundamental error, as the judgment can only carry interest at the rate of 6 per cent. per annum. The judgment is $134.64 for an indebtedness due by plaintiff in error to defendant in error, together with

$4.32 interest at the rate of 6 per cent. from January 1, 1934, to July 18, 1934, the date of the judgment; also for an item of $10.10, which represents the court costs in the justice court, making a total of $149.06, together with interest on this amount from the date of the judgment at the rate of 10 per cent. per annum.

██ This judgment will be reformed, and judgment here allowed in the sum of $138.96, principal and interest on the debt, together with 6 per cent. interest from date of July 18, 1934, and the additional recovery of the cost of the justice court and costs incurred in the county court at law, but these will not bear interest. The judgment, as reformed in the respects above mentioned, will be affirmed.

██ As the attention of the trial court was not called to the error in respect to the rate of interest, and with respect to interest on the item of $10.10, costs in the justice court, for which reason cost of this appeal will be taxed against plaintiffs in error.

Reformed and affirmed.